**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JENNIFER LAYNE PARK,**<br>              **Plaintiff,** | **CIVIL ACTION** |
| **v.** | |
| **THE COUNTY OF CHESTER AND D.**<br>**EDWARD MCFADDEN,**<br>              **Defendants.** | **NO.  18-718** |

## MEMORANDUM OPINION

When Plaintiff reported to Chester County Prison to serve a five-day sentence for driving on a suspended license, she was placed in a cell with a male prisoner.  Although she was alone with him for a very short time – only three and a half minutes – at which point she was removed from the cell and placed in another one, she was deeply upset by the incident.  Specifically, she "became psychologically and physically traumatized" when she made eye contact with him.  A history of sexual abuse made her particularly vulnerable and the experience of being confined with an unknown male exacerbated her post-traumatic stress disorder symptoms.  Although she acknowledges that the male prisoner neither made physical contact with her nor said anything to her, she worried that he would sexually assault her in an unmonitored, closed space.  Upon her release, Plaintiff saw a family physician and received various medications for her psychological distress.

Plaintiff brings a civil rights claim pursuant to 42 U.S.C. § 1983 that is predicated on a violation of the Eighth Amendment, as well as a claim under the Pennsylvania Constitution's prohibition of cruel and unusual punishment.  Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

# I. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may not contain just "labels and conclusions," as "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In determining the adequacy of a complaint, a court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

# II. ANALYSIS

Stating a claim under Section 1983 requires that a plaintiff plead a deprivation of a constitutional right and "that the constitutional deprivation was caused by a person acting under the color of state law." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). Plaintiff contends that the condition of her confinement – being placed in a cell with a male prisoner for three and a half minutes – violated her Eighth Amendment rights.

"The Eighth Amendment prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). An Eighth Amendment violation entails both an objective and subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) ("In *Wilson v. Seiter*, the Supreme Court set forth the standard for alleged violations of the Eighth Amendment while addressing non-medical conditions of confinement."). As to the objective component, the question is whether the prison deprivation is sufficiently serious such that it denies a plaintiff "the minimal civilized measure of life's

necessities." *Seiter*, 501 U.S. at 298. The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The subjective component, by contrast, asks whether the "officials act[ed] with a sufficiently culpable state of mind[.]" *Id*. Plaintiff's Section 1983 claim fails because she has pleaded neither component in support of the alleged Eighth Amendment violation.

First, Plaintiff has not pleaded an objectively, sufficiently serious condition that deprived her of a "single identifiable human need such as food, warmth, or exercise. . . ." *Seiter*, 501 U.S. at 304; *see also id.* at 305 ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."). Rather, the gravamen of Plaintiff's allegations is that she was incorrectly placed in a cell with a male prisoner for a few minutes. The prisoner made no physical contact with Plaintiff, and any error committed by Defendants in situating her in the wrong cell was promptly corrected.

Second, Plaintiff makes no allegations that the Defendants here had a sufficiently culpable state of mind – that is, exhibited "deliberate indifference" towards Plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Deliberate indifference "entails something more than mere negligence" and requires that an official "know[] of and disregard[] an excessive risk to inmate health or safety." *Id*. at 835, 837. Plaintiff's Complaint is devoid of any averments pertaining to the Defendants' state of mind besides a conclusory statement that Defendants acted with deliberate indifference. There is no indication that an officer was aware of Plaintiff's history of sexual abuse and placed her in the wrong cell, or knew and disregarded the risk that the male prisoner may have posed to her. To the contrary, Plaintiff admits in her Complaint that : (a) the male prisoner neither touched nor said anything to Plaintiff; and (b)

Plaintiff was transferred to another cell in a matter of minutes.  Given the admissions in her

Complaint, amendment would be futile, so Plaintiff's Section 1983 claims will be dismissed with

prejudice.

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-

law claim predicated on violation of the Pennsylvania Constitution.[1]  *See* 28 U.S.C. § 1367(c)(3)

("The district court may decline to exercise supplemental jurisdiction over a claim . . . if the

district court has dismissed all claims over which it has original jurisdiction.").  Accordingly, the

state-law claim will be dismissed without prejudice.

An appropriate order follows.

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

**Date: June 11, 2018**                                    **WENDY BEETLESTONE, J.**

---

[1] Defendants did not, in their moving papers, address whether Plaintiff's claim under the Pennsylvania Constitution was adequately pleaded.